UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                      :

TRUSTEES OF THE PAVERS AND ROAD   :
BUILDERS DISTRICT COUNCIL            :
WELFARE, PENSION, AND ANNUITY    :
FUNDS AND THE TRUSTEES OF THE     :   **MEMORANDUM DECISION AND**
LOCAL 1010 APPRENTICESHIP, SKILL   :   **ORDER**
IMPROVEMENT, AND TRAINING FUND,  :

                                          :   25-cv-2248 (BMC)

                         Plaintiffs,   :

                                          :

               - against -        :

                                          :

COMMODORE MAINTENANCE CORP.,    :

                                          :

                       Defendant.   :
------------------------------------------------------------X

**COGAN**, District Judge.

Plaintiffs' motion for a default judgment is granted for the reasons set forth below.

Plaintiff fiduciaries of various employee benefit plans brought this action against

Commodore Maintenance Corp. for relief pursuant to §§ 502(a)(3) and 515 of the Employee

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145, to collect sums due

under a collective bargaining agreement in accordance with § 301 of the Labor Management

Relations Act, 29 U.S.C. § 185.  Defendant has not answered or otherwise appeared in this

action, and the time to do so has expired.  The docket reflects service of process and the

Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a).

In light of defendant's default, all of the well-pleaded allegations in plaintiffs'

complaint pertaining to liability are deemed true.  However, "[e]ven when a default judgment

is warranted based on a party's failure to defend, the allegations in the complaint with respect

to the amount of the damages are not deemed true."  Credit Lyonnais Sec., Inc. v. Alcantara,

183 F. 3d 151, 155 (2d Cir. 1999) (citations omitted).  Rule 55(b)(2) provides that when

granting a default judgment, "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."  The Second Circuit has held that as long as the district court "ensured that there was a basis for the damages specified in the default judgment," such as by relying on detailed affidavits and documentary evidence, it is not necessary for the court to hold a hearing. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (citations omitted).

Plaintiffs have submitted four affidavits with multiple exhibits.  They collectively confirm that under the collective bargaining agreement's estimation protocol, defendant owes at least $302,596.59, representing estimated delinquent contributions of $249,272.96, interest on that amount of $11,417.98, liquidated damages of $24,927.30, and union assessments of $11,374.56, all through the filing date of this motion.

Plaintiff has also requested attorneys' fees and costs in the amount of $5,603.79. I find that plaintiffs' requested attorneys' fees are reasonable considering the nature of this case and the time expended. The rates charged are consistent with rates in this district and the amount of time spent was efficient.  The costs are also appropriate.[1]

The motion for a default judgment is granted.  The Clerk is directed to enter judgment in favor of plaintiffs and against defendants in the amount of $302,596.59.

**SO ORDERED.**

_Brian M. Cogan_
_____
U.S.D.J.

Dated: Brooklyn, New York
       July 5, 2025

---

[1] Despite plaintiff's request, the judgment need not specify that it awards post-judgment interest as that occurs by operation of law. See 28 U.S.C. § 1961(a).

2